UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINUS A. IGBOKWE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-4010** |
| **AMERICAN SECURITY INSURANCE COMPANY** | **SECTION T(4)** |

## ORDER AND REASONS

Currently before the Court is a Motion for Summary Judgment filed by Defendant, American Security Insurance Company. (Rec. Doc. 18) The motion is before the Court on the briefs without Oral Argument. Plaintiffs have filed an Opposition. (Rec. Doc. 24) The Court, having considered the record, the evidence submitted, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

### I.   BACKGROUND

This action involves an insurance dispute between the parties relative to a property located at 7060 Lake Willow Drive in New Orleans, Louisiana. The policy at issue is a residential flood policy bearing policy number 17RFL13032393. The policy was issued by American Security Insurance Company ("American Security") at the request of Plaintiffs' lender, Wells Fargo Bank, N.A. ("Wells Fargo") and is an excess flood policy. Wells Fargo forced placed the policy on the

1

home in excess to that coverage provided by State Farm Insurance Company. *See* Defendant's Memorandum in Support, p. 2.

The home sustained flood damage during Hurricane Katrina. State Farm paid their flood policy limits of $145,000.00. American Security tendered an additional $16,304.00 or the proposed remaining "actual cash value" of the property in accordance with its policy provisions. *See* Defendant's Memorandum in Support, p. 2. American Security filed the instant Motion arguing that no further monies are due to Plaintiffs at this time because the policy requires that American Security pay only the "actual cash value" of the property until Plaintiffs complete actual repair or replacement. *Id.* Since Plaintiffs, allegedly, have not completed actual repair or replacement of the property to date, American Security claims it is entitled to summary judgment as a matter of law pursuant to the terms and conditions of its policy.

## II. ARGUMENTS OF THE PARTIES

The American Security policy is an excess flood policy in the amount of $75, 500. *See* Exhibit 1, p. 10, Conditions ¶ 2 and p. 22, Additional Insured Endorsement. The Loss Settlement portion of the policy provides:

> **6.** **Loss Settlement**. Covered property losses are settled as follows:
>
> **A.** Buildings at replacement cost without deduction for depreciation, subject to the following:
>
>   (1) We will pay the cost of repair or replacement, without deduction for deprecation, but not exceeding the smallest of the following amounts:

> (a) the limits of liability under this policy applying to the Covered Structure;
>
> (b) the replacement cost of that part of the Covered Structure damaged for equivalent construction and use on the same premises; or
>
> (c) the amount actually and necessarily spent to repair or replace the damaged Covered Structure.
>
> If the full cost to repair or replace the damaged property is more than $1000 or 5% of the limit or liability for the Covered Structure, we will pay no more than the Actual Cash Value until actual repair or replacement is completed.
>
> You may disregard these replacement cost loss settlement provisions when making a claim. You may claim loss to Covered structures on Actual Cash Value basis. If you do, you may make further claim within 180 days after the loss based upon and for any specific additional cot to you actually incurred within the period in replacing the damage property on a replacement cost basis.

*See* Exhibit 1, p. 10, Conditions ¶ 6.

In accordance with the foregoing provisions, American Security tendered $16, 304.00 to plaintiffs. *See* Defendant's Memorandum in Support, p. 4. American Security submits that the "actual cash value" of the home (replacement cost, less depreciation) is $161, 304.00. After applying State Farm's $145,000.00 policy limits, American Security paid the balance of its estimation of the "actual case value" of the home or $16, 304.00. *Id.,* p. 3-4. American Security does not dispute that it may owe more pursuant to the policy and admits that it is committed to pay all benefits due when and if the Plaintiffs complete repairs. *Id.*, p. 5. However, because Plaintiffs

have not put forth any evidence, via discovery or otherwise, showing that they have completed repairs, American Security argues that the action is meritles and should be dismissed.

Plaintiffs filed an Opposition to American Security's Motion. (Rec. Doc. 24) Plaintiffs first argue that the full replacement cost of the property (i.e. to repair and rebuild Plaintiffs' home) is $258, 087.53, not $161, 304.00. They submit that even if the defendant paid its policy limit of $75,500.00, Plaintiffs would still be unable to fully repair the property and recoup the value of the house even with the $145,000 paid by State Farm. *See* Plaintiffs' Memorandum in Support, p. 2.

Additionally, Plaintiffs submit that they have done "substantial work" on their home evidenced by the receipts and documents provided to American Security demonstrating that they have used the funds from State Farm and from the Small Business Administration to effect repairs. *See* Plaintiffs' Memorandum in Support, p. 6.

Plaintiffs also argue that the policy's loss settlement clause is not enforceable because they were not told about the policy provisions until after suit was filed and no agent of American Security attempted to explain to the Plaintiffs the terms, conditions and specific provisions of the policy. *See* Plaintiffs' Memorandum in Support, p. 1-2, 5. Plaintiffs' also argue that the policy provisions should not be adhered to because the "extraordinary circumstances" of Hurricane Katrina were not foreseen at the time the insurance contract was entered into. Plaintiffs submit that there are difficulties with building first then seeking reimbursement such as their unemployment and their residing out of state. Plaintiffs contend they have exhausted their financial resources and have borrowed from the Small Business Association; but they have not yet completed rebuilding of the home. *Id.*, p, 5-6.

Accordingly, Plaintiffs submit that they cannot adhere to the proposed requirements in the policy to rebuild first because they need the insurance money to rebuild. *See* Plaintiffs' Memorandum in Support, p. 5. Plaintiffs request that the Court not allow Defendant to "hide behind the veil of the insurance policy which does not jive with the extraordinary circumstances presented by Hurricane Katrina." *See* Plaintiffs' Memorandum in Support, p. 4.

### III.     LAW AND ANALYSIS

Summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56. A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *Id.* Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. *Id.* Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. *Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable

to the non-moving party. *Anderson*, 477 U.S. at 255.

Under Louisiana law, interpretation of an insurance policy is subject to the general rules of contract interpretation which requires judicial determination of the common intent of the parties to the contract. *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So.2d 759, 763 (La.1994). The intent of the parties, "as reflected by the words in the policy[,] determine the extent of coverage." *Id.* We construe the words of an insurance policy by applying their "general, ordinary, plain, and proper meaning ... unless [they] have acquired a technical meaning." *Id. See also South Cent. Bell Tel. Co. v. Ka-Jon Food Stores of La., Inc*., 644 So.2d 357, 360 (La.1994). When the language of an insurance policy is clear, it must be enforced as written. *Reynolds v. Select Props. Ltd.*, 634 So.2d 1180, 1183 (La.1994).

In this matter, Plaintiffs do not dispute that the policy language provides that until actual repair or replacement is completed, they are entitled only to "actual cash value" of the property. Rather, they argue that there are facts which preclude summary judgment at this stage and further, that policy provisions should not be enforced because it would be unfair and unjust considering the extraordinary circumstances brought on by Hurricane Katrina.

After reviewing the policy provisions and ascribing the terms in the policy their generally prevailing meaning, the Court finds that the policy is not ambiguous and provides for American Security to pay the "actual cash value" until such time as actual repair or replacement is completed. *See* Exhibit 1, p. 10, Conditions ¶ 6. Plaintiffs acknowledge in their Opposition Memorandum that they "have not completed rebuilding their damaged home" at this time. *See* Plaintiff's Memorandum in Support, p. 5-6. Thus, by their own admission, Plaintiffs are not in compliance with the policy

provision and are therefore, currently entitled to only the "actual cash value" of the property. However, the Court finds that summary judgment is not appropriate at this stage in the litigation because there is an issue of fact as to what is the "actual cash value" of the home.

American Security argues that the "actual cash value" is $161,304.00. They evaluate the replacement cost of the damaged property at $223,080.00, and subtract the depreciation in the amount of $61,776.00, for a total of $161, 304.00. *See* Defendant's Statement of Uncontested Facts, Exhibit 8, attached to Motion for Summary Judgment. Plaintiffs propose that the full replacement cost and the "actual cash value" of the home is $258,087.530 and "vigorously dispute" that the actual cash value is $161, 304.00.

"Actual cash value" is defined by the policy as the "cost to repair or replace at the time of loss, less depreciation." *See* Exhibit 1, p. 1, Definitions, ¶ 2. It is clear that in determining the "actual cash value", depreciation must be taken into account; however, Plaintiffs and Defendant dispute the starting point regarding the value of property. Neither party presented any evidence other than conclusory statements regarding the appropriate starting value of the property to be imputed into the actual cash value formula. Defendant's Motion revolves around it not owing any additional monies at this time because it has paid what it believes to be the "actual cash value" of the home. While the Court agrees that all that is currently due Plaintiffs is the "actual cash value", it does not agree that the there are undisputed facts demonstrating that Plaintiffs have received the correct amount demonstrating the "actual cash value" of the property. Since the parties dispute the amount of the "actual cash value" and have not provided any evidence, other than conclusory statements, in support of each of their respective positions on this issue, the Court finds that a genuine issue of

material fact exists at this time, namely whether Plaintiffs are entitled to any further sums under the "actual cash value" formula.  This finding precludes summary judgment and dismissal at this time. Accordingly, the Court finds that Summary Judgment is not warranted and Defendant's Motion is **DENIED.**

Because the Court finds that there is a genuine issue of fact to preclude summary judgment relating to the "actual cash value" of the property, it pretermits any discussion regarding Plaintiffs' argument that the loss settlement clause is not enforceable and any discussion on whether there are issues of fact existing as to whether Plaintiffs' have "completed" repairs.

Accordingly,

**IT IS ORDERED**  that the Defendant's Motion for Summary Judgment (Rec. Doc. 18) is **DENIED.**

New Orleans, Louisiana this 7th day of September, 2007.

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**